**UNITED STATES of America,**
**Appellant,**

v.

**Qasim DUFFY, Defendant–Appellee.**

**Docket No. 02–1134.**

United States Court of Appeals,
Second Circuit.

July 19, 2002.

Leonard Lato, Assistant United States Attorney (Alan Vinegrad, United States Attorney, Barbara D. Underwood, Chief Assistant United States Attorney, David C. James, Assistant United States Attorney, on the brief), Brooklyn, N.Y., for Appellant.

Jason L. Solotaroff, New York, N.Y., for Appellee.

Present STRAUB and SOTOMAYOR, Circuit Judges, and GOLDBERG, Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appeal from the dismissal of an indictment by the United States District Court for the Eastern District of New York (Frederic Block, *Judge* ) in favor of defendant Qasim Duffy.

On February 1, 2002, defendant was indicted for a violation of 18 U.S.C. § 922(g)(1). The indictment charged that defendant was a felon who, on September 8, 1997, had been in knowing and intentional possession of ammunition. Defendant had previously been tried and acquitted of charges arising from the events of September 8, 1997, specifically a count of conspiracy to interfere with commerce by robbery, a count of attempt to interfere with commerce by robbery, and a count of causing the death of a person by using and carrying a firearm.

Defendant moved to dismiss the February 1, 2002 indictment on the grounds that the government is collaterally estopped from pursuing this prosecution because the defendant has been acquitted of the robbery and shooting charges upon which this subsequent indictment is based. The government contends that collateral estoppel should not apply because the jury's verdict was not *necessarily* based upon doubt as to the shooter's identity. We disagree. As expressed by the Supreme Court and this Circuit, we must examine the record of the prior proceeding "with realism and rationality," taking into account the pleadings, the evidence, the charge and all other relevant matter, in order to determine "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

foreclose from consideration." *See Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

For the reasons set forth in the district court's opinion, *United States v. Duffy,* 188 F.Supp.2d 281 (E.D.N.Y.2002), the judgment of the district court is hereby AFFIRMED.